UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00048-FDW

| | |
|---|---|
| RICHARD D. TENNANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of ) | |
| Social Security ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment (Doc. No. 11) and Defendant's Motion for Summary Judgment (Doc. No. 14). Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on his application for disability benefits under 42 U.S.C. § 405(g) (2012). For the reasons set forth below, Plaintiff's Motion for Summary Judgment is DENIED, Defendant's Motion for Summary Judgment is GRANTED, and the Commissioner's ruling is AFFIRMED.

**I.     Background**

The procedural history is not in dispute. Plaintiff applied for disability insurance benefits on June 6, 2012. (Tr. 91). Plaintiff originally alleged that his disability onset date was September 1, 2010. (Tr. 196, 198). Plaintiff later amended his alleged onset date of disability to June 30, 2011. (Tr. 216). Plaintiff's application was denied initially, (Tr. 126), and upon reconsideration (Tr. 137, 145). Plaintiff timely requested a hearing, (Tr. 155), which was held on April 15, 2014, by an Administrative Law Judge ("ALJ") (Tr. 40). The ALJ affirmed the Commissioner's denial

1

of benefits. (Tr. 18). Plaintiff then requested a review by an Appeals Council. (Tr. 38). The Appeals Council denied the request. (Tr. 1).

Plaintiff filed the present action seeking judicial review under 42 U.S.C. § 405(g) on January 29, 2016. Plaintiff raises two assignments of error with this Court. (Doc. No. 12, p. 5). First, Plaintiff contends that the ALJ failed to provide a function-by-function analysis of the Plaintiff's nonexertional mental functions after finding the Plaintiff suffers from severe mental impairments. Id. Second, Plaintiff contends that the ALJ failed to explain and resolve conflicts between the Vocational Expert's (VE) testimony and the Dictionary of Occupational Titles (DOT). Id.

## II. Standard of Review

Under the Social Security Act, there is a five-step sequential process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a)(1). Step one is to determine whether the claimant is engaged in substantial gainful activity; if claimant is engaged in substantial gainful activity, he will be found not disabled. Id. § 404.1520(a)(4)(i). Step two is to determine whether the claimant has a severe medically determinable physical or mental impairment or a combination of impairments that is severe and meets the duration requirement. Id. § 404.1520(a)(4)(ii). At step three, if the claimant's impairment or combination of impairments meets or medically equals one of the listings in 20 C.F.R. Part 404, Subpart P, Appendix 1, then the claimant will be found disabled. Id. § 404.1520(a)(4)(iii). Step four is to determine whether the claimant has the residual functional capacity ("RFC") to perform the requirements of his past relevant work. Id. § 404.1520(a)(4)(iv). Lastly, step five is to consider whether the claimant is able to make an adjustment to other work, considering claimant's RFC, age, education, and work experience. Id.

§ 404.1520(a)(4)(v).

This Court's review of a final decision by the Commissioner is authorized pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3). This Court's review is limited to 1) whether substantial evidence supports the Commissioner's decision and 2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). A reviewing court may not re-weigh conflicting evidence, make credibility determinations, or substitute its own judgment for that of the Commissioner. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Even if the reviewing court would have come to a different conclusion, it must uphold the Commissioner's decision if the decision is supported by substantial evidence. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982). The substantial evidence standard is met if a reasonable mind can use the amount of evidence to support a conclusion. Craig, 76 F.3d at 589. The substantial evidence level rests somewhere above a mere scintilla of evidence, but may be lower than a preponderance of the evidence. Id.

### III. Analysis

Plaintiff raises two issues for this Court: 1) whether the ALJ should have provided a function-by-function analysis of the Plaintiff's nonexertional mental functions after finding the Plaintiff has severe mental impairments, and 2) whether the ALJ failed to explain and resolve an apparent conflict between the VE testimony and the DOT. The following discussion will explain why the Court disagrees with Plaintiff's arguments.

3

A. <u>Function-by-Function Analysis</u>

Plaintiff contends the ALJ erred by failing to conduct a function-by-function analysis for his alleged mental limitations in calculating Plaintiff's RFC. (Doc. No. 12, p. 5-11). At step four of disability determination, the ALJ assesses the claimant's RFC, or what a claimant can still do, factoring in "all of [the claimant's] medically determinable impairments of which [the ALJ] is aware." 20 C.F.R. § 416.945(a)(2). Prior to making an RFC determination, the ALJ is required to identify functional limitations and restrictions that result from an individual's medically determinable abilities and assess the individual's abilities on a function-by-function basis. SSR 96-8p.

While the Fourth Circuit in <u>Mascio v. Colvin</u> remanded the case because the ALJ did not conduct a function-by-function analysis of the plaintiff's moderate mental limitations, the Court explicitly rejected a *per se* rule requiring remand in the absence of a function-by-function analysis. <u>Mascio v. Colvin</u>, 780 F.3d 632, 636 (4th Cir. 2015). Instead, the Court stated that a function-by-function analysis is not necessary if remand would prove futile in cases where the ALJ does not discuss functions that are irrelevant or uncontested. <u>Id.</u> (internal citations omitted). The Court further stated that, if "an ALJ [] find[s] the concentration, persistence, or pace limitation does not affect [a claimant's] ability to work, it would be appropriate to exclude it from the hypothetical tendered to the vocational expert." <u>Id.</u> at 638.

Here, unlike in <u>Mascio</u>, the ALJ provided sufficient explanation as to why Plaintiff's alleged mental limitations were not considered at the RFC stage. The ALJ found mild restrictions in activities of daily living and social functioning, and moderate difficulties in maintaining concentration, persistence, or pace. (Tr. 25). Despite assigning Plaintiff with severe depression,

4

in order to "giv[e] the claimant the benefit of every reasonable doubt," (Tr. 26), the ALJ provided a multitude of examples within the record that demonstrate that Plaintiff's limitations lacked sufficient effect on Plaintiff's functional domains. First, the ALJ points out that Plaintiff's limitations have limited effect on activities of daily life where the record demonstrates Plaintiff spends his time doing household chores, napping, watching TV, and visiting with friends and relatives (Tr. 23-24, 408).

Second, the ALJ points to opinions and reports from the different examining and consulting physicians to show why the limiting effect of Plaintiff's social functioning difficulties do not warrant consideration in Plaintiff's RFC. In regards to Plaintiff's depression, the evidence demonstrates that in both 2011 and 2012, Plaintiff reported "doing well with [medication]." (Tr. 22). Otherwise, the record is free from any information that would indicate a worsening of Plaintiff's depression. (Id.) In addition, there is no evidence in the record that Plaintiff received, sought, or was referred for mental health treatment beyond the above mentioned prescription; or that he "reported or was observed to have significant mental functional limitations of such severity as to render him incapable of meeting the mental demands of any work whatsoever." (Tr. 22-24).

Finally, the ALJ points to Dr. Cheryl R. Davis' report to demonstrate the lack of effect Plaintiff's limitations have on his concentration, persistence, and pace. Dr. Davis stated that Plaintiff has "no difficulties relating to others, could tolerate ordinary workplace stress and pressures, had adequate attention, and was likely able to perform some simple repetitive tasks." (Tr. 24, 29, 411). In addition to Dr. Davis' opinion, the State agency consultants opined Plaintiff did not suffer from severe mental impairment or even exhibit significant deficits in his mental condition. (Tr. 29, 75, 85, 99, 112).

By addressing the above evidence, the ALJ has provided sufficient explanation as to why Plaintiff's limitations were not included in Plaintiff's RFC. Sufficient evidence supports the ALJ's decision. Further, the ALJ's explanation is sufficient to reasonably exclude such limitations from the hypothetical question presented to the vocational expert.

In conclusion, this Court finds no reason to remand based on a lack of a function-by-function analysis for Plaintiff's alleged depression and mental limitations.

B. ALJ resolution of apparent conflicts between VE testimony and DOT

Plaintiff contends the ALJ erred when he failed to explain and resolve an apparent conflict between the VE's testimony and the DOT. When an apparent conflict exists between a VE's testimony and the DOT, the ALJ is required to "identify and obtain a reasonable explanation for [the] conflict[]." SSR 00-4p, 2000 SSR LEXIS 8, *1. Further, the Fourth Circuit stated that an "apparent conflict," as identified in SSR 00-4p, falls somewhere between "obvious" conflicts and "all possible conflicts." Pearson v. Colvin, 810 F.3d 204, 209 (4th Cir. 2015). In Pearson, the parties disagreed at to the type of conflicts the ALJ was required to identify and resolve. Id. The Fourth Circuit stated that the "apparent conflict" standard falls in between the two advocated interpretations. Id. Otherwise, one has to either ignore the Ruling's directive, or "require the ALJ to do more than simply compare the express language of the Dictionary and the vocational experts testimony, and would allow the claimant to nitpick an ALJ's or expert's word choice in appeal." Id.

Here, there is no conflict between the VE's testimony and DOT because the ALJ, in reliance on the evidence available to him, reconciled the difference between reaching and lifting. Upon providing the VE with a hypothetical person for determining whether there are jobs available

6

for Plaintiff, the ALJ included the RFC restriction of "no overhead lifting." (Tr. 29-30). Given the information available from the ALJ, the VE found numerous jobs available to Plaintiff. (Tr. 30). Plaintiff equates "lifting" to "reaching" and argues that this presents a conflict between the VE testimony and DOT, which was not explained or resolved by the ALJ. This argument, however, is disputed by the record itself.

In his report, the ALJ includes information where the state medical consultants wanted to, among other recommendations that were included in the final RFC, include a restriction that limited Plaintiff to only limited or occasional reaching. (Tr. 29). In response, the ALJ makes clear that while his RFC takes into account the recommendations, there exists other evidence that was not available to the consultants that led to a final RFC determination. The fact that there is no specific mention of the limitations to "reaching" indicates that the evidence did not support such a limitation. However, the evidence supported the limitation to overhead lifting, and thus, it was included in the RFC.

After providing the information to the VE, and receiving information on the available jobs, the ALJ complied with his requirements to inquire if there were any conflicts between the testimony and the DOT. The record is void of any indication by Plaintiff or examining medical physicians that Plaintiff is restricted in his ability to reach. There is, however, evidence that Plaintiff cannot lift overhead, as is evidenced by the ALJ restriction to no overhead lifting. Without any evidence on which the ALJ could rely to restrict Plaintiff's ability to reach, there can be no apparent conflict between the jobs identified by the VE and the DOT. If there is no apparent conflict, the ALJ has nothing to explain or resolve. Having already ruled out any restriction on

7

"reaching," the ALJ had no reason to believe a conflict existed when the jobs found to be available to Plaintiff involved frequent reaching.

In conclusion, the Court disagrees with Plaintiff's argument that the ALJ failed to reconcile a conflict because there is no evidence to show a conflict existed.

## IV. Conclusion

For the foregoing reasons, Plaintiff's Motion for Summary Judgment (Doc. No. 11) is DENIED, Defendant's Motion for Summary Judgment (Doc. No. 14) is GRANTED, and the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Signed: March 16, 2017

Frank D. Whitney
Chief United States District Judge